Mitchell B. Seidman
Andrew Pincus
**SEIDMAN & PINCUS, LLC**
*Attorneys for Ralph A. Barbera*
777 Terrace Avenue, Suite 508
Hasbrouck Heights, New Jersey 07604
(201) 473 0047

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>DIANE SLATTERY BARBERA,<br><br>                              Debtor. | Chapter 13<br>Case No. 14-26532 (RG) |

**OBJECTION OF RALPH BARBERA
TO CONFIRMATION OF CHAPTER 13 PLAN**

Ralph Barbera, by his undersigned counsel, hereby objects to confirmation of the chapter 13 plan (the "Plan") filed by Diane Slattery Barbera, the above-captioned debtor (the "Debtor") on the following grounds:

1.      Pursuant to an Order of the Superior Court of New Jersey, Chancery Division, Family Part, dated July 27, 2012 in the action entitled Ralph Barbera v. Diane Slattery Barbera, Docket No. FM-02-1998-12, one-half of the equity in the Debtor's residential property located at 86 Ruckman Avenue, Hillsdale, New Jersey (the "Property") was awarded to Ralph Barbera.  The Order was docketed by the Court on July 27, 2012 and thereby became a judicial lien on the Property in favor of Ralph Barbera by operation of law.

2.      In order to be confirmed, a chapter 13 plan must provide one of three treatment options to secured creditors: (i) provide the secured creditor with treatment that

S:\Barbera, Ralph\conf obj.docx

the secured creditor has accepted; (ii) provide for the surrender of the collateral to the secured creditor; or (ii) keep the collateral and provide the secured creditor with a stream of payments equal to the amount of the creditor's secured claim.  11 U.S.C. § 1325(a)(5).

3.      Where the debtor elects to retain the collateral and provide a stream of payments, the plan must satisfy three separate requirements. First, the plan must provide that the secured creditor retain its lien until the earlier of the payment of the underlying debt pursuant to non-bankruptcy law or the issuance of a discharge. The plan must also provide that if the case is dismissed or converted without completion of the plan the secured creditor shall retain its lien to the extent recognized by non-bankruptcy law. 11 U.S.C. § 1325(a)(5)(B)(I).  Second, the plan must provide that the value as of the effective date of the plan of property to be distributed under the plan on account of the secured claim is not less than the allowed amount of such claim. 11 U.S.C. § 1325(a)(5)(B)(ii).  This section mandates that the secured creditor receive the present value of its claim as of the petition date.  See Till v. SCS Credit Corp., 541 U.S. 465 (2004); Associates Commercial Corp. v. Rash, 520 U.S. 953 (1997).  Third, if the plan provides for periodic payments, such payments must be in equal monthly amounts. 11 U.S.C. § 1325(a)(5)(B)(iii).

4.      The Debtor's Plan fails to account for Ralph Barbera's secured claim and thus fails to comply with 11 U.S.C. § 1325(a)(5).

5.      The Debtor's Plan proposes monthly payments in the amount of $150.00. Although the Debtor reports net monthly in the amount of $349 on Schedule I to her petition, that amount is not an accurate or proper basis upon which to base her Plan for three reasons.  First, the Debtor bases such net income on projected gross monthly income of $1,100, which is far greater than her past income levels.  Indeed, in her Statement of

Current Monthly Income, the Debtor reports gross income of less than $320 per month and less than $4,000 per year.  Second, the Debtor's expenses do not include any expense for a mortgage payment or rent.  Third, the Debtor has failed to take into account current tax obligations on income generated by her business.  Taking these circumstances into consideration, it is clear that the Debtor has insufficient income to meet her Plan obligations.

6.      To the extent that the Debtor's projected income levels are based upon anticipated payments from Ralph Barbera on account of past due and/or continuing child support obligations, such projections are entirely speculative.  Ralph Barbera disputes any claim made by the Debtor for past due and/or continuing child support obligations, and no finding as to any such child support obligations has been made by any court of competent jurisdiction.

7.      In light of the foregoing, the Debtor's Plan is not feasible and thus fails to comply with 11 U.S.C. § 1325(a)(6).

8.      In addition to the foregoing, Ralph Barbera joins in the objection to confirmation filed by the chapter 13 trustee.

9.      Based on the foregoing, confirmation of the Debtor's Plan should be denied.

Dated:      October 29, 2014

Respectfully submitted,

**SEIDMAN & PINCUS, LLC**
*Attorneys for Ralph A. Barbera*

By:      /s/ Andrew Pincus
      Mitchell B. Seidman
      Andrew Pincus
      777 Terrace Avenue, Suite 508
      Hasbrouck Heights, New Jersey 07604
      (201) 473 0047